**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MISHKAT AL MOUMIN,<br><br>             *Plaintiff,*<br><br>      v.<br><br>REPUBLIC OF IRAQ,<br><br>             *Defendant*. | Civil Action No. 22-2267 (RDM) |

**<u>MEMORANDUM OPNION AND ORDER</u>**

Pending before the Court is Plaintiff's motion to take the deposition of Nouri al-Maliki, the former Prime Minister of Iraq and current Secretary-General of the Islamic Dawa Party.  Dkt. 52.  Earlier in this litigation, the Court granted in part and denied in part the Republic of Iraq's motion to dismiss on grounds of sovereign immunity.  Because that decision is now pending before the D.C. Circuit on interlocutory appeal, Plaintiff premises her request for relief on Federal Rule of Civil Procedure 27, which authorizes the Court to "permit a party to depose [a] witness[] to perpetuate [his] testimony for use in the event of further proceedings" following the appeal.  Fed. R. Civ. P. 27(b)(1).

To prevail on a motion to perpetuate testimony by taking deposition under Rule 27, the movant must demonstrate "an immediate need to perpetuate testimony."  *Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995).  Here, moreover, the Court must also consider the fact that the case is brought against a foreign sovereign and that the proposed deponent is the former Prime Minister of Iraq, who remains active in the political affairs of the country.  Under any circumstances, compelling his deposition would touch on questions of

international comity.  Those concerns are particularly acute at present, moreover, because the question of the Court's jurisdiction over Iraq is currently pending before the Court of Appeals.

Under these circumstances, the Court is unpersuaded that the extraordinary step of authorizing a deposition to perpetuate testimony while the case is pending in the Court of Appeals is warranted.  Among other things, the concerns that Plaintiff has raised related to Mr. al-Maliki's health are too speculative to warrant the relief sought, particularly in the absence of any evidence that Mr. al-Maliki is currently incapacitated.  Nor do any of Plaintiff's other concerns, including her concern about the possible degradation of Mr. al-Maliki's ability to recall the relevant facts due to the passage of time, suffice to establish a particularized risk of losing his testimony.

As in many other cases pending on appeal, there is, of course, some risk that testimony will be lost while the appeal is resolved.  But, here, Plaintiff is asking the Court to risk intruding on the sovereignty of a foreign state before the D.C. Circuit can address the threshold jurisdictional defense that Iraq has raised, and she is asking to impose on the former Prime Minister of Iraq, raising further comity concerns.  Absent a more compelling showing of need, the Court is not prepared to authorize such intrusions.  Nor is Plaintiff without other recourse. She has not, for example, asked the D.C. Circuit to expedite the pending appeal.  It is not this Court's role to opine on the merits or propriety of such a motion.  But Plaintiff's failure even to ask belies the urgency of her request to take Mr. al-Maliki's deposition while the appeal is pending.

Finally, the parties agree that the Court cannot, in any event, compel Mr. al-Maliki to appear for a deposition, at least based on the current record, and could, at most, require the Iraqi government to use its best efforts to obtain his appearance.  Plaintiff does not need a Court order

to ask Mr. al-Maliki to memorialize his testimony.  But while the question of the Court's

jurisdiction remains pending on appeal, and without more definitive reason to believe that Mr. al-

Maliki will be unable to testify at a later date, the Court will not compel the Iraqi government to

make that request on Plaintiff's behalf.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Take Deposition, Dkt.

52, is **DENIED** without prejudice.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 16, 2026